IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEVIN W. FORGASON                                              PLAINTIFF

V.                                    NO. 13-5101

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Kevin W. Forgason, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

## I.       Procedural Background:

Plaintiff protectively filed his application for SSI on January 7, 2010, alleging an inability to work due to back problems, herniated disc, and pinched sciatic nerve. (Tr. 106-107, 126, 131). An administrative hearing was held on October 21, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 31-49).

By written decision dated February 8, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - lumbar osteoarthritis. (Tr. 20). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing

-1-

of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found

Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary

work, as defined in 20 C.F.R. 416.967(a). (Tr. 22). With the help of the vocational expert (VE),

the ALJ determined that Plaintiff could perform such jobs as machine feeder and bench hand.

(Tr. 25-26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on March 25, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc.

1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 10). Both

parties have filed appeal briefs, and the case is now ready for decision. (Docs. 16, 17).

The Court has reviewed the entire transcript. The complete set of facts and arguments are

presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F.

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In

other words, if after reviewing the record, it is possible to draw two inconsistent positions from

-2-

the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

-3-

### III.    Discussion:

The Court has concern about some findings made by the ALJ.  In this case, the most recent MRI of Plaintiff's back was performed on January 7, 2008, and the impression was:

> 1. Multilevel spondylosis with a left paracentral inferiorly migrating disc extrusion with suspected impingement of the ipsilateral S1 nerve. This is without significant change from the prior MRI of 11/11/2004.

> 2. Short pedicles which contribute to severe canal stenosis at L4-L5 and moderate canal stenosis at L2-L3 and L3-L4.

(Tr. 189).

On April 10, 2008, Plaintiff was seen at The University of Arkansas for Medical Sciences - Neurosurgery Clinic. (Tr. 243). It was reported that an MRI revealed a significant disc protrusion, L4-L5, with evidence of neural foraminal narrowing. (Tr. 246). Plaintiff was examined by Dr. Pait, who recommended that Plaintiff first undergo smoking cessation plan, not only for strengthening of his back but his generalized health, and recommended that Plaintiff follow up with his home doctor in setting up a physical therapy plan and to consider epidural or steroid/transforaminal injections by a pain specialist prior to surgical intervention. (Tr. 246). It those interventions did not alleviate his symptoms, Plaintiff was to follow up at his clinic for evaluation as a surgical candidate. (Tr. 246).

On June 16, 2008, Plaintiff's treating physician, Dr. John H. Kendrick, wrote a letter stating: "Mr. Kevin Forgason has severe herniated disc disease and remains bed bound and on narcotics." (Tr. 248).  On February 24, 2010, Dr. Carl M. Kendrick, of Ozark Orthopaedics, examined Plaintiff and found that Plaintiff had a hip aesthesia of the S1 nerve root. (Tr. 327). Dr. Kendrick concluded that clinically, "this gentleman has a significant radicular type syndrome

-4-

that is blocking his S1 nerve root." (Tr. 327). On that same date, Dr. Kendrick wrote a letter stating that "Kevin is totally disabled from long standing lumbar radicular syndrome and is in need of surgery." (Tr. 196).

On June 2, 2010, Dr. Tad Morgan conducted a General Physical Examination, concluding that Plaintiff had severe limitation in his ability to walk, stand, lift, or carry. (Tr. 227). On June 8, 2010, non-examining consultant, Dr. Robert Redd, completed a Physical RFC Assessment, finding that Plaintiff could perform medium work, stating that there was no objective physical data to support Dr. Morgan's severe limitations. (Tr. 236). Dr. John Kendrick, of Minimal Access Surgery Clinic, treated Plaintiff over a period of several years, and noted that Dr. Carl Kendrick found Plaintiff disabled. (199, 290, 321).

First, as noted by Plaintiff, the medical records in this case do not refer to a diagnosis of "lumbar osteoarthritis" but rather refer to diagnoses such as: "chronic back pain;" "severe herniated disc disease;" "severe back pain;" "herniated disc back," "pain management;" "significant radicular type syndrome that is blocking his S1 nerve root;" "acute/chronic intermittent low back pain-by history since 2003;" "chronic pain syndrome;" and "hip aesthesia of the S1 nerve root." (Tr. 197, 199, 201, 290, 313, 321, 327). The Court is therefore unsure how the ALJ arrived at the conclusion that Plaintiff suffered from lumbar osteoarthritis.

In addition, the ALJ gave the State agency assessment only limited weight, Dr. Morgan's opinion limited weight, both opinions of Dr. John Kendrick and Dr. Carl Kendrick limited weight, and the GAF scores given by Nancy Scharfenberg and Maria Melo, M.D., limited weight. (Tr. 24). Therefore, the Court is unsure of how the ALJ arrived at the conclusion that Plaintiff was capable of performing a full range of sedentary work. The basis the ALJ gave for

-5-

giving the opinion of orthopedic specialist, Dr. Carl Kendrick, limited weight was that the issue of disability is reserved for the Commissioner, that he did not give specific findings to support his opinion, and that it appeared the claimant only saw him on one occasion. (Tr. 24).  The Court does not believe in this case, based upon the record as a whole, that the ALJ gave sufficient reason for giving the specialist's opinion limited weight.

Based upon the foregoing, the Court believes there is not substantial evidence to support the ALJ's decision, and that this matter should be remanded in order for the ALJ to re-evaluate his severe impairment diagnosis, and to either submit interrogatories to Dr. Carl Kendrick for the purpose of having him provide more specific reasons for his opinion and to request that he complete a Physical RFC Assessment, or if that is not possible, to have Plaintiff undergo an examination by another orthopedic specialist and have that specialist complete a Physical RFC Assessment. The ALJ should then re-evaluate Plaintiff's RFC.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 21st day of August, 2014.


/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-